Filed 11/18/13  P. v .Smith CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D063927 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD240768) |
| ANDRE DELOYNE SMITH, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Richard S. Whitney, Judge.  Affirmed.

Law Offices of Sarah A. Stockwell and Sarah A. Stockwell for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

A jury convicted Andre Deloyne Smith of sale of methamphetamine (Health & Saf. Code, § 11379, subd. (a)).  The court found true three drug-related prior felony convictions.

Smith was sentenced to six years in jail, with three years to be served in jail, followed by three years of mandatory supervision (Pen. Code, § 1170, subd. (h)(5)(B)).

Counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*) raising possible, but not arguable issues.  We offered Smith the opportunity to file his own brief on appeal, but he has not responded.

STATEMENT OF FACTS

On the evening of February 8, 2012, after several phone messages, San Diego Police detective Michael Day arranged to meet Smith at the McDonalds' restaurant in Linda Vista.  During the meeting Smith gave Day a package containing .48 grams of methamphetamine.  In return Day gave Smith $60.

Day did not arrest Smith at that time as police hoped to be able to reach Smith's supplier.  Police were not successful in further contacting Smith.

Smith testified that he was not at McDonalds with Detective Day.  He testified he was training a boxer, Delano Sanders, at a gym at the time of the offense.

Delano Sanders testified he had been training with Smith for some time and that they trained from approximately 4:00 p.m. until about 7:30 or 8:00 p.m.  Although Sanders could not remember the specific details of February 8, he was convinced that Smith was with him that day.

Billy Moore, the operator of the gym, confirmed that Smith and Sanders usually trained at the gym beginning around 4:00 p.m. five days a week.  Moore could not pinpoint the specific days of training.

2

The court permitted the prosecution to reopen its case to call Detective Julie Epperson to testify she was present at McDonalds on February 8 and witnessed the transaction between Smith and Detective Day. The court also offered Smith the opportunity to reopen the defense case if he wished to do so.

## DISCUSSION

As we have previously noted, appellate counsel has filed a brief indicating she is unable to identify any argument for reversal and asks this court to review the record for error as mandated by *Wende, supra*, 25 Cal.3d 436. Pursuant to *Anders, supra*, 386 U.S. 738, the brief identifies the possible, but not arguable issues:

1. Did the trial court abuse its discretion in denying Smith's three motions to replace counsel which were made pursuant to *People v. Marsden* (1970) 2 Cal.3d 118?

2. Did the trial court abuse its discretion when it allowed the prosecution to reopen its case?

3. Was there sufficient evidence to support the conviction?

4. Did the trial court err by failing to find Smith had the ability to pay the drug program fee in light of the other fines and fees he was ordered to pay?

We have reviewed the entire record in accordance with *Wende, supra*, 25 Cal.3d 436 and *Anders, supra*, 386 U.S. 738, and have not found any reasonably arguable appellate issues. Competent counsel has represented Smith on this appeal.

DISPOSITION

The judgment is affirmed.

HUFFMAN, J.

WE CONCUR:

BENKE, Acting P. J.

O'ROURKE, J.

4